25CA1424 Peo v Denton 07-02-2026

COLORADO COURT OF APPEALS

Court of Appeals No. 25CA1424
Jefferson County District Court No. 22CR2415
Honorable Russell Klein, Judge

The People of the State of Colorado,

Plaintiff-Appellant,

v.

Keith Chontay Denton,

Defendant-Appellee.

ORDER AFFIRMED

Division II
Opinion by JUDGE HARRIS
Tow and Brown, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced July 2, 2026

Alexis King, District Attorney, Colleen R. Lamb, Senior Appellate Deputy
District Attorney, Golden, Colorado, for Plaintiff-Appellant

Megan A. Ring, Colorado State Public Defender, Kirstiana Perryman, Deputy
State Public Defender, Denver, Colorado, for Defendant-Appellee

¶ 1     Defendant, Keith Chontay Denton, was convicted of multiple felonies in connection with a short-lived crime spree. The court ordered him to pay about $1,600 in restitution to three victims, but it denied the prosecution's request for an additional $3,326 in restitution for the Crime Victim Compensation Board (CVCB), finding that the prosecution had failed to meet its burden to prove the CVCB claims.

¶ 2     The People appeal under section 16-12-102(1), C.R.S. 2025 ("The prosecution may appeal any decision of a court in a criminal case upon any question of law."), arguing that the district court erred by failing to apply the statutory presumption that the amount paid by the CVCB in assistance to the victims was attributable to Denton's criminal conduct. *See* § 18-1.3-603(10)(a)-(b), C.R.S. 2025. Because the prosecution failed to prove the amount of assistance provided, we disagree and therefore affirm.

## I.     Background

¶ 3     Denton pleaded guilty to twelve felonies arising from a series of motor vehicle thefts, some of which involved the use of force against the car owners and the unlawful entry into their homes. As part of his plea agreement, he agreed to pay restitution to the victims.

¶ 4     A couple of days before the sentencing hearing, the prosecution submitted a motion for restitution, including a request for $3,326.76 to reimburse the CVCB for payments it made on behalf of two victims.  A few days later, in support of the request, the prosecution filed CVCB summaries of the payments.  For one victim, the summary showed payments by the CVCB for "medical expenses" and "mental health counseling":

| | |
|---|---|
| Medical Expenses | $2,146.52 |
| Mental Health Counseling | $658.00 |
| Total Paid: | $2,804.52 |

For the other victim, the summary showed a payment for "locks/windows":

| | |
|---|---|
| Locks/Windows | $522.24 |
| Total Paid: | $522.24 |

¶ 5     The matter proceeded to a hearing.  An investigator with the district attorney's office testified about the individual victims' losses, and the prosecution introduced receipts and other documents to corroborate the victims' requests for restitution.  The CVCB's requests for reimbursement did not come up at the hearing: The prosecution did not introduce the CVCB summaries into

evidence, no one from the CVCB testified, and the investigator did not mention the CVCB payments.

¶ 6     The prosecutor referenced the CVCB reimbursement requests for the first time in closing argument, asserting that the prosecution had proved the amounts owed by filing the CVCB summaries with the court nine months earlier. When the court expressed concern that no evidence about the CVCB claims had been presented at the hearing, the prosecutor argued that the summaries triggered a "presumption in the statute that everything here was valid and compliant with the statutory requirements, and that [the] CVC[B] did their job in determining that everything that they paid for was []proximately caused by the [d]efendant's conduct."

¶ 7     The court acknowledged the statutory presumption but determined that Denton did not have a burden to rebut "something when no evidence [was] presented to the [c]ourt." It concluded that the prosecution had failed to prove those claims and, therefore, declined to order restitution to the CVCB.

## II.    Restitution to the CVCB

¶ 8     The People argue that because the summaries were sufficient to trigger the statutory presumption afforded to CVCB claims and

Denton did not rebut the presumption, the district court erred by failing to order restitution to the CVCB.

### A. Applicable Law and Standard of Review

¶ 9 Criminal defendants must "make full restitution to those harmed by their misconduct." § 18-1.3-601(1)(b), C.R.S. 2025. Restitution "means any pecuniary loss suffered by a victim . . . proximately caused by an offender's conduct . . . that can be reasonably calculated and recompensed in money." § 18-1.3-602(3)(a), C.R.S. 2025.

¶ 10 A CVCB can compensate crime victims for certain losses, including, as relevant here, medical and mental health counseling expenses and costs to repair property damage. *See* § 24-4.1-108, -109(1)(a), (1)(g), (1.5)(a), C.R.S. 2025. When it does so, the CVCB is then a "victim" for purposes of the restitution statute, § 18-1.3-602(4)(a)(IV), and it can seek restitution from the defendant, *People v. Martinez-Chavez*, 2020 COA 39, ¶ 13.

¶ 11 Typically, the prosecution must prove by a preponderance of the evidence the amount of the victim's loss and that the loss was proximately caused by the defendant's conduct. *People v. Henry*, 2018 COA 48M, ¶ 15. But the restitution statute creates a

4

rebuttable presumption that "the amount of assistance provided and requested by the [CVCB] is . . . [the] direct result of the defendant's criminal conduct" and requires the court to consider that amount in ordering restitution. § 18-1.3-603(10)(a). If the defendant does not rebut the presumption, causation is established as a matter of law. *Henry*, ¶¶ 17, 19.

¶ 12 To trigger the rebuttable presumption, however, the prosecution must first establish the amount of assistance provided. *Martinez-Chavez*, ¶ 20. To do so, it must submit "[a] list of the amount of money paid [by the CVCB] to each provider," or, if "the identity . . . of a provider would pose a threat to the safety or welfare of the victim," it may submit "summary data" reflecting the total expenses by category. § 18-1.3-603(10)(b)(I)-(II).

¶ 13 We ordinarily review a district court's restitution order for an abuse of discretion. *People v. Douglas*, 2016 COA 59, ¶ 54. A court abuses its discretion when its decision is manifestly arbitrary, unreasonable, or unfair, or when it misconstrues or misapplies the law. *People in Interest of D.L.C.*, 2019 COA 135, ¶ 6.

¶ 14　To the extent the challenge to the restitution order turns on the interpretation of a statute, our review is de novo. *People v. Weeks*, 2021 CO 75, ¶ 24.

### B.　Discussion

¶ 15　The People do not dispute that the prosecution relied on summary data from the CVCB to establish the amount of restitution owing. Their argument is that the summaries alone were sufficient to prove both that the CVCB provided assistance in accordance with the statute and the amount of assistance provided, and, therefore, the court erred by requiring additional evidence before applying the statutory presumption.

¶ 16　But even setting aside the fact that no one from the CVCB testified about its compliance with the statute and that the summaries were never introduced at the hearing, the summaries were insufficient to trigger the presumption because they did not establish the amount of assistance provided. The prosecution could proceed on summary data only if disclosing the identity of the providers would pose some safety risk to the victims, and the prosecution never said that it would. *See Martinez-Chavez*, ¶ 20; *People v. Simms*, 2026 COA 51, ¶¶ 72-74 (explaining that the

rebuttable presumption does not apply when the CVCB provides summary data without specific provider information or evidence that "a summary [i]s appropriate in the interest of [the victim's] safety or welfare").

¶ 17    The People argue that nothing in the statute precludes the CVCB, rather than the prosecution, from determining that disclosure of the specific providers would pose a risk to the victims' safety. Maybe, but here, there was no evidence that the CVCB made that determination.

¶ 18    To trigger a rebuttable presumption, the proponent must establish its threshold facts. *Krueger v. Ary*, 205 P.3d 1150, 1154 (Colo. 2009) ("A proponent raises a particular presumption [by offering] certain facts into evidence."). Thus, it is not enough that the CVCB may have made an internal determination that the summaries were necessary; to rely on the presumption, the prosecution was required to establish that fact on the record. *See id.*

¶ 19    The People's argument that Denton should have raised the insufficiency of the summaries at the restitution hearing so that the prosecution could have "appropriately clarif[ied] the issue at that

7

time" misses the point. The burden is on the prosecution to prove the amount of restitution. *Henry*, ¶ 15. Denton was not required to put the prosecution on notice that it had failed to meet its burden.

¶ 20 Because the summaries did not establish the amount of assistance provided by the CVCB and the prosecution did not present any evidence to support those claims at the hearing, we agree with the district court's ultimate conclusion that the prosecution failed to satisfy its burden of proof with respect to the CVCB claims. Accordingly, we affirm the court's order, albeit on slightly different grounds. *See People v. Dyer*, 2019 COA 161, ¶ 39 ("[A]n appellate court may affirm a lower court's decision on any ground supported by the record, whether relied upon or even considered by the [lower] court.").[1]

### III. Disposition

¶ 21 The order is affirmed.

JUDGE TOW and JUDGE BROWN concur.

---

[1] In light of our disposition, we need not address Denton's alternative argument for affirmance — that the prosecution failed to timely submit restitution information.